ALBERTO MOREDA CIFUENTES, Petitioner, v. DISTRICT COURT OF MAYAGÜEZ, Respondent.

MANUELA SANTOS GONZÁLEZ DE GIL, Plaintiff and Appellant, v. ALBERTO MOREDA CIFUENTES, Defendant and Appellee.

Nos. 941 and 6543. Argued January 9, 1934.—Decided January 19, 1934.

*José Sabater* for petitioner in certiorari No. 941 and appellee in
case No. 6543. *J. Alemany* for plaintiff in the main action and
appellant in case No. 6543.

Mr. Chief Justice Del Toro delivered the opinion of the
court.

After the appeal in case No. 6543 was set down for hear-
ing on the 9th of this instant January, certiorari proceedings
were instituted in case No. 941, the writ was issued, and the
latter case was set for hearing on the aforesaid date of
January 9th. At the hearing the parties appeared by their
counsel and argued both cases, which we will consider in a
single opinion herein.

On September 21, 1933, Manuela Santos filed in the dis-
trict court a complaint in an action of unlawful detainer
against Alberto Moreda, alleging that the plaintiff was the
owner of a reinforced concrete house fronting Hostos Street
in the city of Mayagüez which she leased to the defendant
for a term of two years and rental of three hundred dollars
a month, payable in monthly installments to become due on
the last day of each month, it being further stipulated in

the contract that the lessee would pay to the lessor $400.00 on April 30, 1933 and in addition $50.00 monthly for the purpose of paying a certain account which, liquidated on the day of the contract, showed a debit balance of $1,733.46 in favor of the lessor and against the lessee, and that upon two of the rental installments becoming due and unpaid the lessor would have the right to enter dispossession proceedings (*desahuciar*) against the lessee.

The plaintiff further alleged that the lessee was owing, and had not paid her, notwithstanding her demand upon him to do so:

| | |
|---|---:|
| of the rental installment due on June 30, 1933, | $55.00 |
| rental installment due on July 31, 1933, | 300.00 |
| prior debt installment due on July 31, 1933, | 50.00 |
| rental installment due on August 31, 1933, | 300.00 |
| prior debt installment due on August 31, 1933, | 50.00 |
| Total, | $755.00 |

Based on the foregoing allegations, the plaintiff prayed that the dispossession and eviction of the defendant from the premises in question be decreed in accordance with the law.

The defendant answered that he had sold the property involved to the plaintiff with a covenant of repurchase (*pacto de retro*) for the price of $34,151.73 and leased it from her by a deed of December 17, 1932, for a term of two years and monthly rental of $300.00, payable at the end of each monthly period, which deed contains in addition the other stipulations referred to in the complaint; but he alleged that on the date of the filing thereof he did not owe two installments of the monthly rental, for which reason the plaintiff was not entitled to the dispossession (*desahucio*) sought. He further alleged having paid monthly the $50.00 installments of the old debt up to June inclusive and the rental of $300.00 monthly also up to June 30, 1933, and that of the rental corresponding to the month of July he had paid the sum of $4.40.

After the trial was held the district court, on October 28, 1933, rendered judgment for the defendant, with costs, on the following grounds:

"When the complaint in unlawful detainer was filed in this case the defendant did not owe the plaintiff two full monthly installments of the rental, because within the same month the defendant paid to the plaintiff the sum of $354.40 in two portions, one of $326.60 and another of $27.80. When these payments were made by the defendant, the agent of the plaintiff did not give any receipt therefor, and inasmuch as there exist between the parties in this case two money indebtednesses—one from an old rental account and another from the current rentals—the agent of the plaintiff without any agreement with the defendant, after the first hearing in this case had been held and said agent had read the defendant's answer and knew his defense, that is, on October 2, 1933, then issued to the defendant three receipts, one for $300.00, another for $50.00 and another for $4.40, which amounts said agent applied to the two debts in this manner: $300.00 to cover the rental for the month of June, $50.00 to apply to the old debt installment for the month of May, and $4.40 as a credit on the old debt installment for the aforesaid month of June, 1933; whereas in reality, and in accordance with sections 1140 and 1142 of the Civil Code, and inasmuch as the defendant did not accept the receipts but deposited them immediately in court, the total amount of $354.40 should be considered as paid on account of the most onerous debt, which is the rental under the lease, because the failure to pay the same entails the dispossession of the defendant and the loss of his option to redeem the property, while in regard to the nonpayment of the old account no obligation was stipulated or imposed on the defendant other than the obligation of payment."

From that judgment the defendant took an appeal which was filed under No. 6543 in this Supreme Court. The transcript was filed on November 23, 1933. The appellant filed his brief five days afterward, and by stipulation of the parties and in accordance with the provisions set forth at the end of section 14 of the Unlawful Detainer Act of 1905 (Session Laws, p. 185), the appeal was immediately set down for hearing.

While this occurred, Manuela Santos, on November 1, 1933, filed in the district court another complaint in unlawful detainer against Moreda, on the ground that independently of the rental installments due on July 31 and, August 31, 1933, and of the old debt installments corresponding to June, July, and August, 1933, the nonpayment of which had been the subject of the other action of unlawful detainer, the defendant had failed to pay the full amount of the monthly installments due on September 30 and October 31, 1933.

The defendant answered admitting the nonpayment of the rental installments corresponding to the months of September and October, 1933, but he alleged ''that he has secured to the plaintiff, in the event that the defendant should fail to pay three rental installments, $900.00, by delivering to the plaintiff or her agent, Ramón I. Gil, eight promissory notes and one check of Dr. Pedro Pérez each of said notes and check being for the amount of $100.00, so that the plaintiff, who has received said guaranty to her satisfaction, has the right to resort to those guarantors for the recovery of three rental installments of $300.00 each which the defendant may fail to pay, and the defendant alleges that said guaranties are in full force and effect and that the plaintiff has not claimed from any of said guarantors the payment of such guaranties nor has any demand therefor been served upon them.''

The defendant further alleged in his answer:

''As regards the fifth paragraph of the complaint, the defendant admits that the plaintiff filed in this court on September 21, 1933, another complaint in unlawful detainer bearing No. 17,203, based on the ground that the defendant herein owed the rental installments corresponding to July 31 and August ·31, 1933, amounting to $600.00; but this Hon. Court after the trial of that case was held rendered judgment on October 28, 1933, in favor of the defendant herein on the ground that the defendant did not owe the full aggregate amount of the rental installments due on July 31 and August 31, 1933; and the defendant herein alleges that by reason of said former action of unlawful detainer and the refusal of the plaintiff's agent, Ramón I. Gil, to receive the payment of the rental

installments as theretofore accustomed to be paid, acting in agreement with the plaintiff's agent, the defendant has been obliged to deposit, and he has deposited in court at the disposal of the plaintiff $150.00 on September 29, 1933 and $150.00 on September 30, 1933, and he has also so deposited at the disposal of the plaintiff on October 31, 1933, $300.00, of all which notice has been given to the attorney for the plaintiff, who before the present action was filed had notice that the defendant has paid on account of the installment due on July 31, 1933, $54.40 and in addition $600.00 to cover the installments corresponding to the months of July and August, 1933 and $54.40 to apply to the installment for September, 1933.''

The issues between the parties having thus been established, and after weighing the evidence introduced at the trial, the district court decided the controversy, this time in favor of the plaintiff, and by a judgment of December 5, 1933, it decreed the dispossession (*desahucio*) sought.

From the opinion delivered by the district court in support of its judgment we transcribe the following excerpts:

''Adding up the sums deposited in the previous case, they amount to $600.00, which would cover the rental installments due on July 31 and August 31, 1933, leaving a surplus of $4.40, but without covering the $50.00 monthly installments to credit on the current rental debt and corresponding to the months of June, July, and August, 1933, which must be paid together with the current rental installments.

''To apply to the rental installments due for September and October, 1933, which gave rise to the present action, nothing had been deposited. It was not until November 21, 1933, the date on which the trial of this case was held, that the first deposit of $90.00 was made, and on the 29th of the same month another deposit of $210.00 was effected, making a total of $300.00. As the tender and payment into court of said sums was made long after the obligation was due and the complaint filed, and in partial amounts, it does not constitute any defense to the present action of unlawful detainer. Besides, another monthly rental became due on November 30, 1933.

''The stipulation in the lease relative to the guaranty of three rental installments does not affect the provision regarding the dispossession in the event of failure to pay two rental installments, both being independent covenants.''

The defendant appealed to this court on December 9 last from the said judgment of December 5; and then the incident occurred which has given rise to the present certiorari proceedings.

On December 11, that is, after the term provided by section 5 of the Unlawful Detainer Act (Session Laws of 1905, p. 185) had expired, the plaintiff-appellant herein appeared and moved the court to dismiss the appeal because "the defendant had failed to deposit the amount of the rental installments due up to the date of entry of the judgment corresponding to the months of September, October, and November, 1933, at the rate of $300 monthly which total $900, apart from the $50 installments of the old debt corresponding to each of the aforesaid months, which must be paid jointly with the said rental installments. This motion is based on facts apparent from the record of this case."

On the same date of December 11, the defendant-appellant stated to the court that he opted to perfect his appeal by means of a statement of the case and applied for an order that the appeal be so perfected, such statement being filed within the period of five days provided by law.

On the following day the said defendant filed a motion for reconsideration of the judgment. The court set down the three motions for hearing and after hearing the parties thereon it dismissed those of the defendant and sustained that of the plaintiff.

The Unlawful Detainer Act is clear on the question of deposits of accrued rent. It provides by its section 12 (Session Laws of 1905, p. 185): "Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment." And by section 15, it further provides: "In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for

the dismissal of the same in case the defendant fails to deposit in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due.''

The case at bar is one of unlawful detainer for nonpayment of rent wherein, the appeal having been filed on December 9, 1933, all the rental installments due up to November 30, 1933, should have been deposited.

Were they so deposited? The defendant contends that they have been, but a careful study of the record shows that they have not been so deposited.

In order to arrive at this conclusion we have personally examined the original record, and we have found that in the first action of unlawful detainer wherein the complaint was filed on September 21, 1933, there were deposited by the defendant when answering the complaint, on September 28, $150, on October 3, another $150, and on October 31, $300; in all, $600.

It is to be noted that neither in connection with the above deposits nor with the ones that followed, the defendant specified the installment which he intended to pay; but assuming the position most favorable to him, or that acknowledged by the judgment of the district court rendered in the first action of unlawful detainer, the $600 deposited would have to be applied thus: installment due on July 31, 1933, $300, and the installment due on August 31, 1933, $300, there remaining the $54.40, which the court held should be applied to the most onerous debt, to be credited to the September installment.

After the second action was instituted on November 1, 1933, we only find record of two deposits made before the judgment was rendered and before the time for taking an appeal had expired—one amounting to $90 on November 21, and another amounting to $210 on November 29, or $300 in all.

Leaving entirely aside the fifty dollars monthly which, in addition to the rental installment, must be paid under·

the contract by the defendant, and applying all the money deposited to the rental installments, we find that on the date of the judgment in the second action decreeing the dispossession there had been deposited only sufficient funds to pay the rental up to September 30, 1933, with a surplus of $54.40 to apply to the installment due on October 31, 1933.

The judgment appealed from in that second action was rendered on December 5, 1933, and the appeal was taken on the 9th of the same month. In accordance with the law, in order that the appeal could be entertained the appellant was bound to deposit what remained outstanding of the October installment and all of the November installment, and he failed to do so.

The facts and the law are so clear that it can not be conceived how they could be obscured, unless this be done intentionally with the purpose in view of delaying the execution of the judgment. The decision of the district court dismissing the appeal taken by the defendant in the second action of unlawful detainer was the only determination which could be made in accordance with the facts and the law.

The above conclusion having been reached and the judgment of unlawful detainer which was the sole relief sought by the plaintiff in the first action having been obtained, the appeal taken therein has become truly academic.

However, upon examining the judgment appealed from we find that it contains a pronouncement of costs against the plaintiff which the latter is at least clearly entitled to have determined herein.

The questions which the appellant raises in her brief are of real importance. To decide them properly would require extended consideration. From that which we have given to them thus far, we are at least convinced that the plaintiff was not obstinate in instituting the action, and consequently that she should not have been adjudged to pay the costs.

Therefore, we shall limit ourselves to modifying the judgment by reversing its pronouncement of costs and substituting therefor another providing: "without special imposition of costs."

The writ must be discharged and the judgment appealed from in case No. 6543 modified in the manner above indicated.